IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERALD GUDENAU, | ) | CIV. NO. 07-00328 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION TO |
| vs. | ) | DISMISS FOR LACK OF SUBJECT |
| | ) | MATTER JURISDICTION |
| JOHN GONZALEZ, | ) | |
| Settlement Officer, | ) | |
| Internal Revenue Service, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION

I.       INTRODUCTION.

Plaintiff Gerald Gudenau alleges that John Gonzalez, an employee of the Internal Revenue Service, acting in his official capacity, denied Gudenau a face-to-face Collections Due Process ("CDP") hearing in violation of Gudenau's due process rights under the Fifth Amendment of the United States Constitution. Gudenau seeks an order compelling Gonzalez to conduct a face-to-face CDP hearing with him.

On August 9, 2007, the United States filed a motion to dismiss Gudenau's Complaint. The United States says that it is the proper party in this matter and that Gudenau has no right to a face-to-face CDP hearing. The United States contends that this court lacks subject matter jurisdiction over Gudenau's Complaint. Because the court agrees with the Government's contention that

the court lacks subject matter jurisdiction over Gudenau's Complaint, the motion to dismiss is granted.[1]

II.     BACKGROUND.

Gudenau received a "Final Notice - Notice of Intent to Levy and Notice of your Rights to a Hearing" from the Internal Revenue Service ("IRS") with respect to the tax year ending December, 1999. Complaint ¶ 11. Upon receiving the notice, Gudenau requested a face-to-face CDP hearing pursuant to the provisions of 26 U.S.C. § 6330. Id. ¶ 12.

On or about April 16, 2007, Gonzalez wrote back to Gudenau, denying Gudenau a face-to-face hearing but scheduling a telephonic hearing on May 1, 2007. See Letter from John Gonzalez to Gerald Gudenau (Apr. 16, 2007) (attached to the Complaint as Exhibit 1). The letter noted that "*[t]he issues you raised in your CDP Request are those that Courts have determined are frivolous or Appeals does not consider*." Id. It stated that Gudenau should contact Gonzalez within fourteen days if the scheduled telephone conference was not convenient, or if Gudenau preferred the conference to be held by correspondence. The letter stated that Gudenau would be allowed a face-to-face

---

[1] The court decides the matter without a hearing pursuant to Local Rule 7.2(d), which states that "[t]he court, in its discretion, may decide any motion without a hearing." Determination of motions without holding a hearing is part of this court's normal practice and does not deprive the litigants of any Due Process, as the court has already received written briefs from the parties.

conference on any nonfrivolous issue, provided that Gudenau had to send Gonzalez a description of the nonfrivolous issue.  Id.

On or about April 27, 2007, Gudenau wrote back to Gonzalez, again requesting a face-to-face CDP hearing.  See Letter from Gerald Gudenau to John Gonzalez (Apr. 27, 2007) (attached to the Complaint as Exhibit 2).  Instead of identifying a nonfrivolous issue, Gudenau stated that all of his issues were nonfrivolous and that he expected a face-to-face CDP hearing in Honolulu.  Id.

On May 15, 2007, the IRS issued a "Notice of Determination" to Gudenau.  Complaint ¶ 16.  This lawsuit followed, aimed at forcing Gonzalez to conduct a face-to-face CDP hearing.

III.     STANDARD OF LAW.

Under Rule 12(b)(1), this court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction.  Alternatively, this court may dismiss a complaint under Rule 12(b)(1) when disputed facts that would give rise to this court's subject matter jurisdiction are insufficient.  See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  When, as here, a defendant challenges the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the

nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint.  See Samco Global Arms, Inc. v. Arita, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005) ("We use the same standard as the district court in analyzing a facial attack on jurisdiction, and therefore accept the well-pleaded allegations of the complaint as true and limit our inquiry to the complaint and the documents attached thereto."); Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.").

IV.     ANALYSIS.

      A.     This Action Should Proceed Against The United States.

Gudenau seeks a face-to-face CDP hearing.  His Complaint states that it is not challenging or seeking to restrain any tax determination or collection effort by the Government.  Complaint ¶¶ 5-8.  Gudenau's Complaint does not seek money damages.  Id. ¶ 3.  Accordingly, the Complaint states claims against Gonzalez only in his official capacity.  A lawsuit against a federal employee acting in his or her official capacity is in essence an action against the United States itself.  See

Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) ("a suit against IRS employees in their official capacity is essentially a suit against the United States").

Under 28 U.S.C. § 2679(d)(1), this court may substitute the United States for Gonzalez. Although the Government has requested such a substitution, the Government has not complied with the terms of § 2679(d)(1), which requires "certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose" before such a substitution.

Although this action is brought against Gonzalez in his official capacity, making this action one against the United States, the court declines to substitute the United States as a defendant at this time. Nevertheless, the court considers Gonzalez's defenses as if Gudenau's Complaint is being asserted against the United States. See Gilbert, 756 F.2d at 1458 ("Naming the three appellees as defendants does not keep this action from being a suit against the United States. It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as

defendants.  Thus, a suit against IRS employees in their official capacity is essentially a suit against the United States.  As such, absent express statutory consent to sue, dismissal is required." (internal citations omitted)).

        B.    This Court Lacks Subject Matter Jurisdiction.

            1.    The Mandamus and Venue Act.

Gudenau seeks a writ of mandamus to compel Gonzalez, an IRS employee, to act.  The Mandamus and Venue Act ("MVA"), 28 U.S.C. § 1361, states that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "Mandamus writs, as extraordinary remedies, are appropriate only when a federal officer, employee, or agency owes a nondiscretionary duty to the plaintiff that is 'so plainly prescribed as to be free from doubt.'"  Stang v. I.R.S., 788 F.2d 564, 565 (9th Cir. 1986) (quoting Pescosolido v. Block, 765 F.2d 827, 829 (9th Cir. 1985)).  "Mandamus is not available to review discretionary acts."  Pescosolido v. Block, 765 F.2d 827, 829 (9th Cir. 1985).  District courts should dismiss a mandamus claim based on a lack of subject matter jurisdiction when that claim challenges a discretionary act.  See Stang, 788 F.2d at 566 ("Because the Secretary had discretionary power to assess Stang's taxes for the years in question, mandamus jurisdiction is

precluded.  The district court correctly dismissed for lack of subject matter jurisdiction.").  Gudenau seeks discretionary relief under the MVA.  Accordingly, the court lacks subject matter jurisdiction over his claim.

Gudenau seeks a face-to-face CDP hearing.  The relevant statutory provision requires the CDP hearing to "be held by the Internal Revenue Service Office of Appeals," and to be "conducted by an officer or employee who has no prior involvement with respect to the unpaid tax."  26 U.S.C. § 6330(b).  The statute, however, does not contain any requirement that the hearing be held in person.  The regulations governing such hearings clearly make them discretionary:

> Q-D6. How are CDP hearings conducted?
>
> A-D6. The formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. 551 et seq., do not apply to CDP hearings.  <u>CDP hearings are much like Collection Appeal Program (CAP) hearings in that they are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting.  A CDP hearing may, but is not required to, consist of a face-to-face meeting</u>, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. A transcript or recording of any face-to-face meeting or conversation between an Appeals officer or employee and the taxpayer or the taxpayer's representative is not required. The taxpayer or the taxpayer's representative does not have the right to subpoena and examine witnesses at a CDP hearing.

26 C.F.R. § 301.6330-1 (emphasis added).

Gudenau argues that, because he requested a face-to-face CDP hearing, the Government was required to provide him with such a hearing. Gudenau points to no statute or regulation requiring a face-to-face CDP hearing whenever a person requests such a hearing. To the contrary, a face-to-face CDP hearing is not "ordinarily . . . offered" unless "non-frivolous reasons" are set forth in the hearing request. The regulations provide:

> Q-D7. If a taxpayer wants a face-to-face CDP hearing, where will it be held?
>
> A-D7. . . . [A] taxpayer who presents in the CDP hearing request relevant, non-frivolous reasons for disagreement with the proposed levy will ordinarily be offered an opportunity for a face-to-face conference at the Appeals office closest to taxpayer's residence.

26 C.F.R. § 301.6330-1.

Gudenau's Complaint fails to demonstrate any non-frivolous reason for requesting the face-to-face CDP hearing. In Gonzalez's April 16, 2007, letter to Gudenau, Gonzalez noted that the issues Gudenau raised had already been determined by courts to have been frivolous. Gonzalez then offered to conduct a face-to-face CDP hearing on any nonfrivolous matter subsequently raised by Gudenau. Because Gudenau fails to show that any issue he wants to raise in a face-to-face CDP hearing is nonfrivolous, he fails to demonstrate any possible right to such a face-to-face hearing. See Cobin v. United States, 2005 WL 2195384, 96

A.F.T.R.2d 2005-5681, *2005-5684 (D.S.C., July 29, 2005) ("The absence of specific language requiring a face-to-face meeting in the Internal Revenue Code and the Federal Regulations' unambiguous rejection of a face-to-face meeting requirement leads this Court to conclude that Defendant's actions [in denying a face-to-face meeting] were proper."), aff'd, 164 Fed. Appx. 387 (4th Cir. 2006); Tinnerman v. IRS, 2005 WL 1332314, *3 (M.D. Fla., May 10, 2005) ("It is clearly settled and consistent with the informal nature of the hearings that, as a matter of law, a taxpayer has no intrinsic right to a face-to-face CDP hearing under I.R.C. § 6330."), aff'd, 156 Fed. Appx. 111 (11th Cir. 2005).

Because Gonzalez's decision to refrain from conducting a face-to-face CDP hearing with Gudenau was an exercise of Gonzalez's discretion, Gudenau's Complaint challenges a discretionary act.  The court must therefore dismiss the Complaint for lack of subject matter jurisdiction.

### 2.  The Anti-Injunction Act.

There is a second jurisdictional flaw in Gudenau's lawsuit.  Jurisdiction under the MVA is subject to the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421, which deprives courts of jurisdiction to adjudicate a "suit for the purpose of restraining the assessment or collection of any tax."  26 U.S.C. § 7421(a); Estate of Michael ex rel. Michael v. Lullo, 173 F.3d

503, 506 (4th Cir. 1999) ("Though the Mandamus Act grants district courts jurisdiction over any suit seeking mandamus, it does not override the Anti-Injunction Act, I.R.C. § 7421. The Anti-Injunction Act withdraws all courts' jurisdiction over suits filed 'for the purposes of restraining the assessment or collection of any tax.'" (quoting § 7421)); Souther v. Mihlbachler, 701 F.2d 131, 132 (10th Cir. 1983) (holding that the AIA barred a mandamus action).

     The "principal purpose of the AIA [is] the protection of the Government's need to assess and collect taxes as expeditiously as possible 'with a minimum of preenforcement judicial interference' and 'to require that the legal right to the disputed sums be determined in a suit for refund.'" O'Meara v. Waters, 464 F. Supp. 2d 474, 478 (D. Md. 2006) (quoting Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974)). Although Gudenau claims that his Complaint does not implicate the AIA because he is asserting a due process challenge to obtain a face-to-face hearing and is not challenging his tax liability, courts have ruled otherwise. In Waters, for example, the court held that "an Appeals Officer's decision to deny a face-to-face CDP hearing falls within the broad scope of activities that are intended to or may culminate in the assessment or collection of taxes" and therefore implicates the AIA. 464 F. Supp. 2d at 478. Because the effect of Gudenau's Complaint is akin to an attempt

to stymie the important Government interest of assessment and collection of taxes, his Complaint implicates the AIA.

To establish subject matter jurisdiction, Gudenau must therefore demonstrate that his claim fits within a narrow exception to the AIA's prohibition of suits seeking to restrain the assessment or collection of taxes.  A plaintiff may bring suit notwithstanding the provisions of the AIA only if the plaintiff shows (1) irreparable injury and (2) certainty of success on the merits.  See Bob Jones Univ., 416 U.S. at 737. Gudenau's claim does not fit within this narrow exception to the AIA.

Gudenau cannot establish a claim of irreparable injury because he has an adequate, alternative legal remedy in the form of a refund suit.  Bob Jones Univ., 416 U.S. at 746-48; Waters, 464 F. Supp. 2d at 479 ("It is well established that under ordinary circumstances, the availability of a refund suit constitutes such an adequate, alternative remedy.").  Other courts have rejected similar arguments in which plaintiffs have sought a face-to-face CDP hearing.  In Waters, for example, the district court concluded that a denial of a face-to-face CDP hearing was not an irreparable injury.  464 F. Supp. 2d at 479.

Nor has Gudenau shown a certainty of success on the merits.  As discussed above, Gudenau was not entitled to a face-to-face CDP hearing.  Instead, such a hearing was discretionary,

as Gudenau has pointed to no argument that was nonfrivolous. Because Gudenau fails to show any irreparable injury and a certainty of success on the merits, the AIA deprives this court of jurisdiction over his Complaint.

Gudenau additionally contends that he was denied the opportunity to make an audio recording of his hearing because his request for a face-to-face hearing was denied.  Because Gudenau cannot demonstrate an entitlement to a face-to-face hearing, he likewise cannot demonstrate any right to an audio record of his Appeals hearing.  See Waters at 480 n.4 (reasoning that audio tape recordings of Appeals hearings are only required if taxpayers engage in a face-to-face conference).

V.      CONCLUSION.

For the reasons set forth above, the motion to dismiss for lack of subject matter jurisdiction is granted.  Because there is no possibility that Gudenau can amend his Complaint to assert a claim actionable in this court, the court dismisses his Complaint without granting him leave to amend it.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 21, 2007.



　　　　　　　　　　　　　　　　　　 /s/ Susan Oki Mollway
　　　　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　　　　United States District Judge

Gerald Gudenau v. John Gonzalez, Civil. No. 07-00328 SOM-LEK; ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.